KEANU *v.* KINO, KEKUMANO, KALOKU and KUALAU.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JULY 9, 1895.                    DECIDED JULY 30, 1895.

JUDD, C.J., FREAR, J., AND CIRCUIT JUDGE COOPER SITTING IN PLACE OF MR. JUSTICE BICKERTON, ABSENT ON ACCOUNT OF ILLNESS.

K. being the lessee of the Ahupuaa of Keei 1, South Kona, Hawaii, made an arrangement with a hui (company) of which he was a member, for the cultivation of the coffee upon the land; the crop being sold and the proceeds divided among the members of the hui equally. After two crops had been disposed of, K. had trouble with the hui and forbade them to enter upon the land, notwithstanding which some members of the hui entered upon the land and did work upon it, at the same time denying the plaintiff's right to the possession of the land.

Held, that an ouster had been shown and that the plaintiff was correct in bringing his action in ejectment.

OPINION OF THE COURT  BY CIRCUIT JUDGE COOPER.

The plaintiff claims to be entitled to the possession of the Ahupuaa of Keei 1, South Kona, Hawaii, under a lease from the trustees of Mrs. B. P. Bishop, deceased.

As it is admitted by the parties that the fee of the Ahupuaa is vested in the trustees of Mrs. Bishop, and the lease from the trustees of her estate to the plaintiff shows conclusively that he is the sole lessee of the land, and the defendants having claimed title from the same source, we must hold that he has successfully derained his title.

The principal contention on the part of the defendants is that there has been no ouster; that they simply claim a right of entry

upon the land for the purpose of picking the coffee crops, and consequently the plaintiff cannot recover in an action of ejectment, but should have sought his remedy in trespass if he disputed the right of defendants.

The evidence shows that the plaintiff, having obtained a lease of the land in question, made an arrangement with a hui of some 80 persons, of which he was a member, by which they cultivated the coffee lands and harvested or sold the crop, and divided the proceeds among themselves equally, after deducting necessary expenses and the rent of the land, which was at the rate of $300 per annum, the plaintiff receiving only his individual share as a member of the hui. After two crops had been disposed of the plaintiff had trouble with members of the hui and forbade them to enter upon the land; but some of the members, including the defendants, again entered upon the land and did some work upon it, at the same time denying the plaintiff's right to possession. The plaintiff told them to quit working, but they still continued and appointed a luna over his head.

This, we think, constituted an ouster on the part of the defendants, and the plaintiff was correct in bringing his action in ejectment; and further, in our opinion, Section 1129 of the Civil Code would permit the plaintiff to bring his action in ejectment although the defendants were not in continuous possession. None of the parties lived on the land, nor were there any houses upon it.

If the defendants did not claim the right of possession they should have filed a disclaimer; but instead of that they relied upon a general denial.

If the defendants worked upon the land and have not participated in the profits to the extent that would be just to them, that would be the subject of another action, but does not constitute a defense in this one.

In our opinion, the findings and judgment of the Circuit Court should be affirmed.

*Carter & Kinney,* for plaintiff.

*E. Johnson,* for defendants.